Chief Justice Bibb
delivered the Opinion of the Court.
The persons appointed as agents to receive subscriptions of stock for the corporation, before it was organized, applied to Churchill to subscribe; he refused. To induce him to subscribe they promised and assured him if he would subscribe, the turnpike road should be run through his land, near the bed of the old road, in a manner particularly pointed out and agreed upon, to save the *428 timber and sugar orchard of Churchill from destruction. Upon this express stipulation, assusance and condition, Churchill was persuaded to subscribe for seven shares of $100 each, payable by instal-meats. Afterwards, in November, 1818, in the same year of the passage of the law, (but how long after Oliaroiiill had been so induced to become a subscriber, does not appear,) to induce Churchill to pay his instalments, a writing was drawn up by two of the directors, agreeing, for and on behalf of the company, that the road should pass through' the land of Churchill, in a manner therein particularly specified, and'recognised, as the condition on which. he had subscribed, so as to save his timber; and agreeing on behalf of said company, that if Church- ]]} WOnld pay his instalments, that the same' should he returned to him with interest, “in case "the road should not run as above;” this was signed by John Willett and James Simrall as “directors and a majority of the Shelby committee.”
Ratification of the contract, after lion'of the corporation by a commit ■ loctorsthe dÍ"
üContract vio-luted by the inlaying out the road on other ground, of Churchill’s estate.-
hill by . injunction against judg-meatsrecov-ered for m- ■ due on his subscription of stock, and to recover Back the a-paid" andde-creed. 1
Corportion not allowed to enforce [¿^stock i°Ls -agents° 0b_s tained to be subscribed on sbieration of promises u it refuses to execute; but t0 mentg induced, tangible noUdfoweif to commit fr.auiis by its gents!® 8
*428 It seems clearly, that when the company was or-ganizéd and became a corporation, they laid out the road differently, and very materially' so, although to run trough Churchill’s land, yet so departing from the specification in'the original agreement and written evidence of it,’as to subvertand destroy the consideration which induced him to subscribe, and will bring about the evil and damage he apprehended, should the road ever be actually completed.
Under these circumstances-, the complainant hay-fog paid part of his subscription falling due by in-stalmenis, refused to pay the residue, and brought this bill to enjoin the judgment at law obtained by the corporation, for the unpaid instalments, audio recover back those which he had paid; and the dr-emt court so decreed, i he corporation prosecutes this writ of error,
The proof is clear beyond doubt; the defence of fjie corporation is, that the agents for subscriptions and the directors Willett and Simrall had no authority to make the terms and conditions; nor to bind the corporation. The subscription waá obtained from Churchill before the corporation was organ *429 ized, whilst it was in posse, but not in esse. After it was in esse, two of the directors and a committee for managing the affairs of the company, with full knowledge of the conditions, renew the asssurances by writing reciting the whole. The 'witnesses to the original inducement held out to Churchill, and the conditions on which he subscribed, and the writings, speak the same terms and conditions, The corporation when organized, had notice by its directions, of these terms and conditions, and receive the money; but on their part have broken the conditions and terms. Churchill now asks to be relieved from the subscription, and in the language ox the agreement, to have his money back with m-terest, “and he stand on the footing as though he had not paid.” The doctrine contended for by the corporation cannot be admitted. It cannot be privileged, by virtue of its invisible, intangible and immaterial existence, to practise frauds by its agents, claim the benefit of the agreement and promise to itself, and yet deny the mutual and correlative promise and consideration held out by its visible agents, It is too late, after they, the company of individuals composing the corporate body, have received the money, with full notice of the condition, to say they are not bound by the condition. Such a privilege would indeed be transcendent, and would verify the complaint of long standing, and reiterated by wisdom and experience in many preceeding generations, that it is difficult to obtain common justice jn a dispute with a corporation.
Contract not theTocation of the subscription'6 released.0^
Mayes, for appellant; Crittenden and Talbott, for appellee.
Although the court cannot change the location of the road and compel the corporation so to complete it, it can order the money to be restored.
The decree is affirmed.with costs.